**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christina Bartucci,<br><br>        Plaintiff,<br><br>v.<br><br>GEO Group,<br><br>        Defendant. | No. CV-20-00410-PHX-DWL<br><br>**ORDER** |

        On January 10, 2020, pro se Plaintiff Christina Bartucci filed this employment discrimination action in the Superior Court of Arizona, Pinal County. (Doc. 1-3.)

        On February 25, 2020, Defendant GEO Group removed this action to federal court. (Doc. 1.)

        Pursuant to Rule 81(c)(2)(C), Defendant's deadline to respond to the complaint was March 3, 2020.[1]

        Defendant failed to respond. As is the Court's standard practice, the Court waited two months for Plaintiff to file an application for entry of default, and when Plaintiff failed to do so, the Court issued an order requiring Plaintiff to show cause why the case should not be dismissed for failure to prosecute. (Doc. 11.) The purpose of this order is to ensure that plaintiffs are still interested in pursuing litigation, and the typical response to this order is a brief explanation for the delay, coupled with an application for entry of default.

        On June 17, 2020, Plaintiff responded to the order to show cause, indicating that she

---

[1]    Defendant was served on January 28, 2020. (Doc. 1 ¶ 2.)

"still want[s] to pursue [her] case" (Doc. 12 at 1) and expressing a lack of understanding as to how to proceed. (*Id.* at 1-3.)

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Some courts have inferred from this language that even in the absence of an application for entry of default from Plaintiff, default must be entered once the Court becomes aware of a defendant's failure to respond by the deadline. *Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012) ("The plain language of Rule 55(a) however does not mandate that a default be entered only upon plaintiff's request but rather implies that however a district court ultimately becomes aware of a party's default, the clerk must enter default."). However, the language of Rule 55(a) is not clear as to whether entry of default is mandatory without an application from the plaintiff, and such an interpretation seems to rush in the direction of default judgment, which is a disfavored outcome. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). At any rate, *sua sponte* entry of default is at least discretionary, and where, as here, Plaintiff has indicated a desire to press forward with the litigation, the Court finds it appropriate.

Defendant's response is overdue by over three months. It may be that Defendant's failure to respond to the complaint was inadvertent, as the docket contains evidence of post-removal activity by Defendant. (Doc. 10.) Nevertheless, given the failure to respond, default will be entered. If Defendant wishes to file a motion to set aside the default, it may do so on or before June 26, 2020.

If Defendant does not file a motion to set aside the default by June 26, 2020, Plaintiff must file a motion for default judgment by July 24, 2020. When deciding whether to grant the motion, the Court will consider the following factors, known as the *Eitel* factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether the default was due to excusable neglect, and (7) the policy favoring decisions

on the merits. *Eitel*, 782 F.2d at 1471-72. Plaintiff's motion should demonstrate, to the best of Plaintiff's ability, that these factors weigh in favor of granting default judgment.

Plaintiff is directed to become familiar with the Local Rules and the Federal Rules of Civil Procedure and is reminded that the Federal Court Self-Service Clinic provides free civil legal help to self-represented litigants. (*See* Notice to Self-Represented Litigant, Doc. 4 at 7.) During the pandemic, appointments are conducted via telephone. *See* https://jobs.azd.uscourts.gov/SelfServiceCenter/.

Accordingly,

**IT IS ORDERED** that the Clerk of Court shall enter default against Defendant GEO Group.

**IT IS FURTHER ORDERED** that any motion to set aside the default is due by June 26, 2020.

**IT IS FURTHER ORDERED** that if Defendant does not file a motion to set aside the default by June 26, 2020, Plaintiff must file a motion for default judgment by July 24, 2020.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a motion for default judgment by **July 24, 2020**, the Clerk of Court shall dismiss this action without prejudice for failure to prosecute.

Dated this 19th day of June, 2020.

Dominic W. Lanza
United States District Judge